**BALTIMORE TALKING BOARD CO., Inc., v. MILES, Collector of Internal Revenue.**

(District Court, D. Maryland.   June 1, 1921.)

No. 954.

**1. Internal revenue ⬅️➡️11—Ouija board is taxable as a "game."**

Ouija boards are games, or implements with which games are played, within the sense of that word as used in Revenue Act 1919, § 900, subsec. 5 (Comp. St. Ann. Supp. 1919, § 6309⁴/₅a), imposing a 10 per cent. tax on games and sporting goods.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Game.]

**2. Internal revenue ⬅️➡️11—Small ouija boards held not exempt as games for children.**

Small ouija boards, sold to merchants for distribution as advertisements, are not the sort of thing which would interest many children, and are not exempt from the internal revenue tax as children's toys or games, especially where the picture on the envelope in which the boards were distributed showed that those who were to use them were for the most part adults.

At Law.   Action by the Baltimore Talking Board Company, Incorporated, against Joshua W. Miles, Collector of International Revenue.   Judgment for defendant.

Fisher and Fisher, of Baltimore, Md., for plaintiff.
Robert R. Carman, of Baltimore, Md., for defendant.

ROSE, District Judge.   The plaintiff in this case is seeking to recover the sum of $202.81 paid under protest as a tax of 10 per cent. upon gross sales of $2,028.10 of various sizes of ouija boards.   The tax was levied under provisions of subsection 5 of section 900 of the Act of February 24, 1919 (40 Stat. 1122 [Comp. St. Ann. Supp. 1919, § 6309½a]).   This section was devoted to imposing excise taxes upon various things which had so much in common that Congress probably thought them to be articles of luxury or amusement rather than of necessity.   Other subsections dealt with automobiles, motorcycles, pianos, talking machines, chewing gum, cameras, candy, firearms and armament, hunting and bowie knives, electric fans, thermos bottles, cigar or cigarette holders and pipes, some sorts of automatic slot device machines, liveries, hunting and shooting garments, riding habits, fur garments, yachts and motorboats, and toilet soaps.   The subsection in question reads:

"Tennis rackets, nets, racket covers and presses, skates, snow-shoes, skis, toboggans, canoe paddles and cushions, polo mallets, baseball bats, gloves, masks, protectors, shoes and uniforms, football helmets, harness and goals, basket ball goals and uniforms, golf bags and clubs, lacrosse sticks, balls of all kinds, including baseballs, footballs, tennis, golf, lacrosse, billiard and pool balls, fishing rods and reels, billiard and pool tables, chess and checker boards and pieces, dice, game and parts of games (except playing cards and children's toys and games), and all similar articles commonly or commercially known as sporting goods, 10 per centum."

[1] The plaintiff says that its ouija boards are not games, nor are they among the things which are commonly or commercially known as sporting goods. Much legal and lexicographical learning and industry has been exhibited in gathering together all the definitions of games heretofore given. I have no ambition to add to their number, but I am persuaded that ouija boards are games, or, more accurately, implements with which games are played, within the sense of the word as used in the statute in question. One of these boards is a thing which one or more people employ for their amusement or sport, and with which they think they are playing at a game. The use of it is all the more interesting, in that it gives results which the players may not always suppose to be foretellable. In this respect it resembles various games of solitaire, the telling of fortunes by cards, etc. It is quite clearly among the general class of things which Congress intended to tax, and it is sufficiently identified by the words it used.

[2] There is a subordinate question raised. The plaintiff says that the larger part of its sales were of small-sized boards, sold by it at a low price to merchants, who distributed them as advertisements. It claims that in any event they are not taxable, because they are children's toys or games, and as such are excepted by the act itself. It may be that there are some who think that those who use ouija boards are childish enough. That is a matter of opinion upon which courts need not take sides. They are not the sort of thing which would interest many who are children in years. The picture on the envelope in which the plaintiff distributes these diminutive boards show that those who are supposed to use them are, for the most part, adults.

It follows that the tax was properly collected, and the defendant is entitled to a verdict.